# In the United States District Court for the Southern District of Georgia Savannah Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CR 413-004-3 |
| JUAN CARLOS PENA, | |
| Defendant. | |

## ORDER

Before the Court is Defendant Juan Pena's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. Dkt. No. 950. For the reasons below, Pena's motion is **DISMISSED**.

## BACKGROUND

Pena's presentence investigation report reflects that he was a leader of a sex trafficking ring that spanned ten years and several countries, including the United States, Mexico, and Nicaragua. Under a written plea agreement, Pena pleaded guilty to one count of conspiracy to engage in sex trafficking, in violation of 18 U.S.C. § 1594(c). Dkt. Nos. 766, 776. His sentencing guideline range was 360 months to life imprisonment. In February 2014, the Court departed downward and sentenced Pena to 240 months' imprisonment with the Bureau of Prisons ("BOP"), followed by five years' supervised release. Dkt. No. 776.

Pena did not directly appeal. In February 2015, he moved the Court to dismiss his indictment, conviction and sentence, dkt. no. 862, which the Court ultimately denied, dkt. nos. 868, 871. Then, in September 2016, Pena initiated a 28 U.S.C. § 2255 motion to vacate his sentence, dkt. no. 888, which the Court also denied, dkt. no. 890, 898, 915. The Eleventh Circuit affirmed the Court's Order. Dkt. No. 935. According to the Bureau of Prisons' ("BOP") website, Pena is currently incarcerated at FMC Fort Worth in Fort Worth, Texas, with a projected release date of January 31, 2030.

Pena now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Pena's motion is based on the COVID-19 pandemic and his concern for his health. As the Government notes, however, Pena has not exhausted his administrative remedies with the BOP as required by 18 U.S.C. § 3582(c)(1)(A).

**DISCUSSION**

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). Pena shows that he began the administrative process with the BOP on June 13, 2020, see dkt. no. 951-1; however, his motion to the Court is dated June 10, 2020. Dkt. No. 950 at 7. Thus, it appears Pena submitted his motion to

the Court before he pursued his administrative remedies with the BOP, in contravention of § 3582(c)(1)(A).

The Warden did ultimately deny Pena's compassionate release request on June 19, 2020. Dkt. No. 951-2. Within the Warden's denial is instructions for filing an appeal of the decision:

> If you are dissatisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

Id. Pena has not shown that he filed an appeal with the Regional Director, that the Regional Director denied his appeal, or that thirty days have passed without a response to his appeal.

In order to exhaust his administrative remedies, Pena must continue to participate in the administrative process until it is complete; here, that means at least filing an appeal with the Regional Director and waiting the requisite time for a response. Pena has shown only that he has completed the first level of administrative review, i.e. petitioning the Warden of his facility. See United States v. Khan, 540 F. Supp. 2d 344, 351 (E.D.N.Y. 2007) ("If the inmate feels the decision was unfairly meted out, his or her recourse is to appeal that decision to the next administrative level, and, if still dissatisfied with the result at the end of the administrative appeals process, he or she may, at that time, pursue the complaint in federal court. It would defeat the purpose of administrative review were this court to

3

permit every inmate who was dissatisfied with a denial of relief mid-way through the administrative appeals process to seek judicial review on the ground of futility."). The Court finds that Pena has not *fully* exhausted his administrative remedies.

## CONCLUSION

Accordingly, Pena's motion, dkt. no. 950, is **DISMISSED**.

**SO ORDERED**, this 27 day of July, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA